**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4304
_____

UNITED STATES OF AMERICA

v.

AKILAH SHABAZZ,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-12-cr-00064-001)
District Judge:  Honorable A. Richard Caputo

_____

Submitted under Third Circuit LAR 34.1(a)
on January 14, 2014

Before:  RENDELL, ROTH and BARRY, Circuit Judges

(Opinion filed: April 22, 2014)

_____

O P I N I O N

_____

**ROTH**, Circuit Judge:

    Akilah Shabazz, proceeding *pro se*, pleaded guilty to one count of criminal

conspiracy, in violation of 18 U.S.C. § 371, related to a June 25, 2011, scheme to make

and use fraudulent identification documents and to pass fraudulent payroll checks.  After

a jury trial, Shabazz was convicted of seventeen additional counts of identification fraud, identity theft, and making and using fictitious obligations, arising from similar conduct from June 1 to June 30, 2011. *See* 18 U.S.C. §§ 514, 1028(a)(3), 1028A(a)(1). Shabazz now appeals the District Court's denial of his motion to suppress evidence seized during a search and its admission of certain evidence against him at trial. We will affirm.

## I.     Background[1]

On June 25, 2011, Pennsylvania State Police Corporal Michael Carroll stopped a motor vehicle for speeding. The vehicle was being driven by Kenneth Thompson, but was rented to Shabazz, who was riding in the back seat. After a database check revealed outstanding felony warrants for both men, Carroll removed them from the vehicle.

Upon opening the right rear-passenger door near where Shabazz had been sitting, Carroll smelled marijuana. Carroll asked Shabazz for consent to search the vehicle, and, after Shabazz declined, Carroll arranged for a dog trained in narcotics detection to sniff the area. During the sniff, the dog jumped into the rear seat where Shabazz had been sitting, through the door Shabazz had left open upon exiting the vehicle, and alerted to the presence of drugs. Carroll then impounded the vehicle and the following day obtained a warrant to search it for drugs, drug paraphernalia, evidence of drug-related transactions, and weapons.

During the search, Carroll found in the back seat a black computer bag which contained twelve driver's licenses from five different states with Shabazz's picture, some

---

[1] We write primarily for the parties, who are familiar with this case. Therefore, we only recount the facts necessary to our analysis.

of which listed different names and birth dates, and nine such licenses with Thompson's picture. He also found twelve business checks made payable to names matching those listed on the licenses.

On November 1, 2011, an agent for the Secret Service filed a four-count criminal complaint against Thompson and Shabazz, alleging conspiracy, fraud, and identity theft arising from the June 25 stop. Shabazz was subsequently arrested, arraigned, and indicted on those charges.

On April 10, 2012, Shabazz filed a motion to suppress the evidence Carroll had seized from the rented vehicle, arguing that Carroll had intentionally omitted material facts from the affidavit submitted in support of the search warrant. The District Court denied that motion in part, permitting the government to offer the licenses and checks into evidence, and denied Shabazz's subsequent motion for reconsideration.

On June 12, 2012, Shabazz was charged under an eighteen-count superseding indictment that extended the timeframe for the original four charges to the entire month of June 2011, and added fourteen additional counts. On August 29, 2012, the government moved to admit evidence, under Rule 404(b) of the Federal Rules of Evidence, that Shabazz had engaged in conduct similar to the criminal charges. Shabazz opposed the motion. On October 5, 2012, the court granted the government's motion under Rule 404(b) and denied Shabazz's second motion to suppress the licenses and checks seized from his rented vehicle.

At trial, Shabazz pleaded guilty to one count of conspiracy relating to June 25, 2011, and argued that the guilty plea rendered irrelevant the evidence relating to conduct

3

outside of June 25, 2011. The court rejected Shabazz's argument, and reiterated that the government could offer 404(b) evidence from June 2011 to show Shabazz's knowledge and intent. A jury convicted Shabazz of the remaining seventeen counts of the superseding indictment. He appealed.

## II.    Standard of Review

We review a district court's ruling on a suppression motion for clear error as to the underlying facts, but exercise plenary review of the court's legal conclusions based on those facts. *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). We review the court's admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010). And we review Shabazz's claim that Carroll offered knowingly perjured testimony for plain error. *See* Fed. R. Crim. P. 52(b).

## III.    Discussion[2]

Shabazz argues that Carroll violated his Fourth Amendment rights by seizing the licenses and checks from the vehicle when the search warrant, although validly procured, did not mention such items and the circumstances were not exigent. Evidence in plain view may be validly seized, irrespective of exigence, when an officer is lawfully in the place from which the item is visible, its incriminating nature is immediately apparent, and the officer has lawful access to the item itself. *United States v. Menon*, 24 F.3d 550, 559 (3d Cir. 1994) (citing *Horton v. California*, 496 U.S. 128, 141 (1990)). Because Carroll had a warrant to search the car, the licenses and checks were obviously incriminating, and

---

[2] The District Court had jurisdiction under 28 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

he had lawful access to the bag in the back seat containing those items, his search was constitutionally permissible. *See id.*

Next, Shabazz argues that the court failed to adjudicate his motion in limine, under Rule 401, to exclude evidence relating to conduct occurring outside June 25, 2011. The record is clear that the court ruled on the substance of that motion, as one under Rule 404(b), and properly denied it, thus permitting the government to introduce the evidence because it was relevant to show Shabazz's knowledge and intent. *See* Fed. R. Evid. 404(b). The record is similarly clear that the court did not abuse its discretion in doing so, because it found the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice, and because the court gave a limiting instruction. *See Green*, 617 F.3d at 249.

Finally, Shabazz argues that the government knowingly introduced Carroll's allegedly perjured testimony, and the court improperly denied Shabazz's application to subpoena a witness to testify to correct the record. We find no basis for Shabazz's perjury claim, and thus find the District Court committed no error in admitting Carroll's testimony or denying Shabazz's application for a witness subpoena. *See* Fed. R. Crim. P. 52(b); *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir 2008).

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.